```
                       Slip Op. 08-11
           UNITED STATES COURT OF INTERNATIONAL TRADE
```

| | |
|---|---|
| Sherri N. Boynton,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant. | Before: Pogue, Judge<br>Court No. 06-00095 |

[Remand determination affirmed.]

Decided: January 23, 2008

<u>Law Offices of Robert W. Snyder</u> (<u>Robert w. Snyder</u>) for Sherri N. Boynton, Plaintiff.

<u>Peter D. Keisler</u>, Assistant Attorney General, <u>Barbara S. Williams</u>, Attorney in Charge, International Trade Field Office, <u>Aimee Lee</u>, Civil Division, Dept. Of Justice Commercial Litigation Branch, <u>Maritza Tamayo-Sarver</u>, Of Counsel, Office of Associate Chief Counsel, U.S. Customs and Border Protection for U.S. Department of Homeland Security, Customs and Border Protection, Defendant

**OPINION**

**Pogue, Judge:** This is a review of remand results, filed by the Secretary of the Department of Homeland Security (hereafter "Secretary"), revoking Plaintiff Sherri N. Boynton's (hereafter "Boynton") customs broker's license. In our prior opinion, <u>Boynton v. United States</u>, ___CIT___, Slip Op 07-146 at 28(CIT 2007), we remanded the Secretary's initial revocation "to consider what penalty is appropriate" on the record remaining after that prior review.

The Court has jurisdiction over this case under Section 641(e) of the Tariff Act of 1930, 19 U.S.C. § 1641(e)(1),[1],[2] and 28 U.S.C. § 1581(g) (granting the Court of International Trade exclusive jurisdiction of any civil action to review the revocation of a customs broker's license by the Secretary of the Department of Homeland Security ("DHS")).  In accordance with 19 U.S.C. § 1641(e)(1) and USCIT Rule 56.1(a), the court reviews the decision of the Secretary of DHS on the administrative record, considering any objections raised in that proceeding.

## Background

In our earlier decision we upheld, as supported by substantial evidence, the Secretary's findings of violations of Customs rules and regulations "in Charges I, II, IV, V, VI, VIII, IX, and for

---

[1]Citation is to the 2000 edition of the U.S. Code unless otherwise noted.

[2]19 U.S.C. § 1641(e)(1) provides: In general. A customs broker, applicant, or other person directly affected may appeal any decision of the Secretary denying or revoking a license or permit under subsection (b) or (c), or revoking or suspending a license or permit or imposing a monetary penalty in lieu thereof under subsection (d)(2)(B), by filing in the Court of International Trade, within 60 days after the issuance of the decision or order, a written petition requesting that the decision or order be modified or set aside in whole or in part. A copy of the petition shall be transmitted promptly by the clerk of the court to the Secretary or his designee. In cases involving revocation or suspension of a license or permit or imposition of a monetary penalty in lieu thereof under subsection (d)(2)(B), after receipt of the petition, the Secretary shall file in court the record upon which the decision or order complained of was entered, as provided in section 2635(d) of title 28, United States Code.

Court No. 06-00095 Page 3

Specifications 1, 4, 6, 7, 9, and 11 of Charge III" of Customs' Notice to Show Cause and Statement of Charges ("Notice"). Id. However, we also found that "Specifications 2, 5, and 8 of Charge III, as well as Charge VII" were not supported by substantial evidence. Id. Accordingly, we remanded this matter to the Secretary to consider the appropriate penalty on the record remaining after our review. Id.

On remand, the Secretary reviewed the record and held that, "judicially sustained Charges I, II, IV, V, VI, VIII, IX, and Specifications 1, 4, 6, 7, 9, and 11 of Charge III, jointly, and, Charges III (Specifications 4, 7, 9, 11), IV, V, VI, VIII, and IX severally or in combination thereof, support revocation of [Boynton's] license."

We now review that remand determination.

**Discussion**

Customs regulations allow for revocation of a customs broker's license if, "[t]he broker has violated any provision of any law enforced by Customs or the rules or regulations issued under any provision of any law enforced by Customs." 19 C.F.R. § 111.53(c). See also, 19 U.S.C. § 1641(d)(1)(C). However, Customs' policy has generally been to issue progressive penalties and to reserve revocation of a broker's license only for "egregious" violations. An "egregious" violation is a "flagrant act or omission that shows gross irresponsibility beyond that of a nonrepetitive [sic]

Court No. 06-00095 Page 4

clerical mistake or a good-faith oversight." Customs Directive Number 099 3530-007 Section 5(B), available at http://www.cbp.gov/linkhandler/cgov/toolbox/legal/directives/3530-007.ctt/3530_007.doc. Thus, under Customs policy, if Boynton has committed "egregious" violations of Customs rules, then revocation of her license is warranted.

As we found in our earlier opinion, Boynton violated "several Customs rules and regulations, often on multiple occasions." The Secretary has now determined that certain of the violations, enumerated above, jointly and severally suffice to justify revoking Boynton's license. Since nothing in our prior decision requires otherwise, we uphold the Secretary's decision.

Plaintiff claims, however, that the decision of the Secretary was both arbitrary and capricious and violated her right to due process. More specifically, Plaintiff contends that the decision of the Secretary is "arbitrary and capricious" in that the Secretary considered no penalty other than revocation and that due process was denied her because she was not allowed to submit new evidence to the Secretary after our original ruling. Neither claim has merit.

As to the first claim, if the findings of the Secretary are supported by substantial evidence they must be upheld. 19 U.S.C. § 1641(e)(3). We have already held that the charges upon which the Secretary relies in his decision were supported by substantial

Court No. 06-00095  Page 5

evidence. As noted above, revocation may be grounded on a violation of "any provision of any law enforced by customs." 19 C.F.R. § 111.53(c). The Secretary, then, did not act in an "arbitrary and capricious" manner in revoking Boynton's license, but rather acted in accordance with law.

Plaintiff's due process claim is also without merit. Plaintiff seems to believe that the "record" in the case has substantially changed and that this change justifies reopening the record to allow her to submit additional evidence. Both aspects of the claim are incorrect. First, the "record" upon which the Secretary made his remand decision is essentially the same record reviewed by the court in our prior decision with the exception of the charges that we held not to be supported by substantial evidence. It is unclear how this sort of change in the record could prejudice Boynton in any way. Boynton availed herself of her opportunity to seek and obtain judicial review. That review was completed before any penalty was imposed, and the imposed penalty was based on the record found supported by that prior judicial review.

Secondly, reopening of an administrative record is an unusual step, generally taken only in extraordinary circumstances. <u>Farmers Export Co. v. United States</u>, 758 F.2d 733, 737 (D.C. Cir. 1985). In her reply, however, Plaintiff offers no argument at all as to what "extraordinary circumstances" might justify reopening the record.

Court No. 06-00095                                                    Page 6

It is not clear how the only claim she makes--that she has obtained judgments against certain complaining witnesses-- might meet this standard because Plaintiff has provided no clarification or specific claim as to which, if any, of the charges against her might be affected by reopening the record to consider any new evidence.  Given this, and given that Plaintiff has not, apparently, before sought to introduce this evidence or reopen the record, we find this claim to be without merit.

## Conclusion

   The Secretary has reasonably held that Charges I, II, IV, V, VI, VIII, IX, and Specifications 1, 4, 6, 7, 9, and 11 of Charge III, jointly, and, Charges III (Specifications 4, 7, 9, 11), IV, V, VI, VIII, and IX severally or in combination thereof, support revocation of [Boynton's] license.  As this decision is supported by substantial evidence, is not arbitrary and capricious, and does not violate Plaintiff's right to due process we uphold the determination revoking Plaintiff's license.  Judgment will be entered accordingly.

   So ORDERED.

                                             /S/ Donald C. Pogue
                                           Donald C. Pogue, Judge


Dated: Jan. 23, 2008
       New York, New York

Slip Op. 08-11

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Sherri N. Boynton,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES<br><br>        Defendant, | BEFORE: Pogue, Judge<br><br>Court No. 06-00096 |

<u>JUDGMENT</u>

This action having been duly submitted for decision, and this court, after due deliberation, having rendered a decision herein; now, in conformity with that decision, it is hereby

ORDERED that the remand results filed by the Department of Homeland Security on October 31, 2007 are affirmed in their entirety.

                                        /s/ Donald C. Pogue
                                      Donald C. Pogue, Judge

Dated:    January 23, 2008
           New York, New York

# NOTICE OF ENTRY AND SERVICE

      This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

      Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

      or

      Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

      Tina Potuto Kimble
      Clerk of the Court

Date: _____   By: _____
                                                                                     Deputy Clerk