Slip-Op 08-49

# UNITED STATES COURT OF INTERNATIONAL TRADE

Sherri N. Boynton,

                Plaintiff,

          v.

UNITED STATES,

                Defendant.

Before: Pogue, Judge
Court No. 06-00095

[Plaintiff's motion for rehearing denied.]

Decided: May 07, 2008

<u>Law Offices of Robert W. Snyder</u> (<u>Robert w. Snyder</u>) for Sherri N. Boynton, Plaintiff.

<u>Gregory G. Katsas</u>, Acting Assistant Attorney General, <u>Barbara S. Williams</u>, Attorney in Charge, International Trade Field Office, <u>Aimee Lee</u>, Civil Division, Dept. Of Justice Commercial Litigation Branch, <u>Maritza Tamayo-Sarver</u>, of council, Office of Associate Chief Counsel, U.S. Customs and Border Protection for U.S. Department of Homeland Security, Customs and Border Protection, Defendant.

## MEMORANDUM AND ORDER

**Pogue, Judge:** Plaintiff, Sherri N. Boynton ("Boynton") moves for rehearing, claiming that the Defendant's failure to consider, in prior proceedings, certain judgments that Boynton obtained against various importers renders these proceedings fundamentally unfair.

This Court has jurisdiction to grant a rehearing under USCIT Rule 59(a)(2).  <u>See also</u> <u>Am. Nat'l Fire Ins. Co. v.United States</u>, 200 Ct. Int. Trade LEXIS 137, *2 (citing <u>United States v. Gold Mountain Coffee, Ltd.</u>, 8 CIT 336, 336, 601 F. Supp. 202, 214 (1984)); <u>Kerr-McGee Chem. Corp. v. United States</u>, 14 CIT 582, 583 (1990).  The purpose of a rehearing is not, however, to retry the case.  <u>See</u>, <u>Belfont Sales Corp. v. United States</u>, 12 CIT 916, 918, 698 F. Supp. 916, 918 (1988).  It is, rather, only to correct significant flaws in the conduct of the proceeding.  <u>Am. Nat'l Fire Ins. Co.</u> at *2.  The Court will not upset its prior decision unless it is "manifestly erroneous."  <u>See</u>, <u>North American Processing Co. v. United States</u>, 22 CIT 701, 703, 15 F. Supp. 2d 934, 936 (1998); <u>Saint Paul Fire & Marine Ins. Co. v. United States</u>, 16 CIT 984, 807 F. Supp. 792 (1992).

Boynton, however, has not presented any evidence that would warrant the claim that our prior decisions were "manifestly erroneous."  Boynton's request for rehearing rests entirely on the fact that judgments were entered in her favor by state courts against several importers.  These importers were, apparently, connected to some of the transactions that gave rise to several of the charges against Boynton.  These judgments, however, are not relevant to this case for two reasons.

First, the judgments Boynton has submitted all concern whether certain payments were or were not made, as between Boynton and the

importer involved.  However, the charges before Customs, which the
Court has sustained, are not about the payment of duties but rather
concern Boynton's failure to follow proper procedures when payments
are not made for any reason.  Customs provides, via its Bulletin 88
procedures, methods for dealing with cases where Customs Brokers
are not paid by importers in a timely manner. Customs Bulletin 88-
30.  Boynton v. United States, __ CIT __, Slip-Op 07-146 at 14-5,
n.15 (2007). As noted in Charge III Specification 11 and Charge
VIII, for example, Boynton failed to follow Bulletin 88 procedures
when appropriate.  Because this Bulletin provides procedures for
Customs Brokers to follow in situations such as those that gave
rise to the judgments Boynton now submits, and because Boynton did
not follow Customs' procedures in the situations involved, the
judgments which Boynton has gained are not relevant to the charges.
Therefore, the evidence provided by Boynton gives us no reason to
find that our prior decision contained "manifest error."

     Second, a sub-set of the charges against Boynton which have
been found by this court to be supported by substantial evidence
involve transactions with importers who had nothing to do with and
were not involved in the judgments Boynton now submits.  The
Secretary held that _any_ of the charges against Boynton would
individually be sufficient to justify revoking her license.
Because certain of the charges against Boynton are not even
arguably related to the evidence she offers, and because these

Court No. 06-00095                                                    Page 4

charges would be sufficient to justify revoking her license, there

is no reason to grant her motion.

    For these reasons, Plaintiff's motion for retrial or rehearing

is DENIED.  It is so ORDERED.




                                                __/S/ Donald C. Pogue__
                                                Donald C. Pogue, Judge




Dated: May 07, 2008
      New York, N.Y.

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court


Date: _____          By: _____
                                                    Deputy Clerk